UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' HEALTH CARE FUND, TRUSTEES OF; MICHIGAN LABORERS' PENSION FUND, TRUSTEES OF; MICHIGAN LABORERS' VACATION FUND, TRUSTEES OF; MICHIGAN LABORERS' TRAINING AND APPRENTICESHIP FUND, TRUSTEES OF; MICHIGAN LABORERS' ANNUITY FUND, TRUSTEES OF; MICHIGAN LABORERS' EMPLOYERS' COOPERATION AND EDUCATION TRUST FUND, TRUSTEES OF; and MICHIGAN LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

Hon.

Case No.

Plaintiffs,

v.

A. LINDBERG & SONS, INC. a Michigan corporation,

Defendant.

## COMPLAINT

Plaintiffs state for their Complaint against Defendant:

1.   This is an action brought by trustees and fiduciaries of jointly administered, multi-employer benefit funds under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145,

1

and Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a), to, inter alia, collect delinquent benefit contributions, interest and assessments against Defendant, and for the Defendant to produce their financial records for an audit.

## JURISDICTION AND VENUE

2. Federal subject matter jurisdiction is based upon Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145.

3. Venue is proper pursuant to 28 U.S.C. §1391(b) and ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2).

## PARTIES

4. Plaintiffs are trustees and fiduciaries of the Michigan Laborers' Health Care Fund, Michigan Laborers' Pension Fund, Michigan Laborers' Vacation Fund, Michigan Laborers' Training & Apprenticeship Fund, Michigan Laborers' Annuity Fund, and Michigan Laborers' and Employers' Cooperation and Education Trust Fund (collectively "Funds"), which are jointly administered, multi-employer benefit funds. The Funds maintain their principal office and place of business in Lansing, Michigan. The Funds receive benefit contributions from various employers pursuant to collective bargaining agreements ("CBAs").

5. Plaintiff Michigan Laborers' District Council of the Laborers' International Union of North America, AFL-CIO ("MLDC") is a labor organization that enters into CBAs with employers, including CBAs that require employers to remit benefit contributions to the Funds.

6. Defendant A. Lindberg & Sons, Inc. ("A. Lindberg") is a Michigan corporation that does business in the construction industry and its principal place of business is located at 599 Washington Street, Ishpeming, Michigan 49849.

7. Defendant is an employer as defined by Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section 3(g) of ERISA, 29 U.S.C. §1002(5).

## DEFENDANT CONTRIBUTION OBLIGATIONS

8. A. Lindberg is bound to the 2013 through 2022 CBA with the Laborers' Local 1329 ("Local 1329") (Ex. 1) and the 2013 through 2023 CBA between the AGC of Michigan and Local 1329 and the MLDC (Ex. 2).

9. The CBAs set forth the wages, hours and other terms and conditions of employment for A. Lindberg's bargaining unit employees ("BUEs").

10. The CBAs require A. Lindberg to make benefit contributions to the Funds on behalf of the appropriate BUEs. A. Lindberg is required to remit benefit contributions at the hourly rate established for each Fund, and for all hours of work subject to the CBAs, performed by its employees.

11. Pursuant to the terms of the CBAs and related Trust Agreements and Amendments, and the Laborers' Collection Policy (Exs. 3 and 4), A. Lindberg must show the hours worked by its BUEs for the work month and the benefit contributions owed to the Funds based on those hours, by submitting Contribution Report Forms ("CRFs") by the 15th day of the following month. The benefit contributions shown due in the CRFs are also due by the 15th day of the following month.

12. The CBAs and related Trust Agreements and Amendments also require Defendant to pay interest and assessments on contributions which are unpaid or remitted after their due date.

13. Defendant must also promptly furnish to the Plaintiffs all records concerning the classifications of its employees, including employee names and social security numbers, amount of wages paid and hours worked, location of work and any other payroll records and information which may be required in connection with the administration of the Funds to ensure that the appropriate contributions have been collected and recorded. (Ex. 4). Plaintiffs may examine the payroll records and books of Defendant whenever such examination is necessary to properly administer of the Funds. (*Id.*)

## BREACH OF ERISA AND THE CBAs

14. From June 2014 to present, Defendant employed BUEs who performed work covered by the terms of the CBAs.

15. As a result of work performed by these BUEs, Defendant became indebted for the payment of contributions pursuant to the CBAs' terms.

16. From June 2014 to present, Defendant failed to remit proper contributions to the Funds and failed to file proper monthly CRFs.

17. Plaintiff Funds sought to conduct a payroll audit of work performed for the period of June 2014 to present. (Ex. 5, Audit Letters to A. Lindberg). But, complete records were not provided. Defendant's total indebtedness to Plaintiffs for benefit contributions and other amounts (including interest and audit assessments) is unknown and cannot be ascertained until the Defendant submits all necessary books and records for inspection and audit, which they have refused to do, despite the Plaintiff Funds' demand.

18. Outstanding records include complete monthly "by-job" records that indicate project names, descriptions, locations, dates, employees, hours worked, and the CBA Defendant applied.

## COUNT I

### FAILURE TO SUBMIT RECORDS AND TO MAKE BENEFIT CONTRIBUTIONS AS A VIOLATION OF ERISA

19. Plaintiffs incorporate the allegations of the preceding paragraphs by reference.

20. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to

a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

21. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA. Section 502 expressly authorizes the recovery of unpaid benefit contributions, interest, double interest, or liquidated damages and attorney's fees and costs. A suit may be brought to enjoin any act which violates ERISA and to obtain other appropriate legal and equitable relief to redress violations of ERISA and enforce the terms of the plan.

22. Defendant's failure to make contractually obligated monthly reports and fringe benefit contributions to the Funds violates ERISA. 29 U.S.C. §§1132 and 1145.

23. Plaintiffs are entitled to all remedies under ERISA, including the payment of unpaid contributions, interest, double interest or liquidated damages, attorney's fees and costs, and other legal and equitable relief.

WHEREFORE, Plaintiffs request a Judgment against the Defendant:

    A. Adjudicating that the Defendant is bound to the CBAs with Local 1329 and pursuant to the CBAs and applicable law, must pay benefit contributions to Plaintiffs for covered work;

B. Ordering Defendant to honor all of the CBAs' fringe benefit obligations, including making proper and timely monthly remittances and monthly reports consistent with the terms of the CBAs and related Trust Agreements and Amendments;

C. Ordering Defendant to produce all records -- including complete by-job records -- needed for a complete audit for the period June 2014 to present, so Plaintiffs can determine the total delinquency owed by the Defendant;

D. Awarding Plaintiffs amounts owed for work performed by Defendant from June 2014 to present, together with attorney's fees and costs;

E. Awarding Plaintiffs all amounts shown to be due by such audit, including benefit contributions, interest, late payment assessments, audit assessments and audit costs, together with additional attorney's fees and costs, pursuant to 29 U.S.C.§1132(g)(2) and Plaintiffs' Plan documents; and

F. Granting Plaintiffs all legal and equitable relief (including injunctive and equitable relief) to which they are entitled.

## COUNT II

## FAILURE TO SUBMIT TO AN AUDIT AND MAKE BENEFIT CONTRIBUTIONS AND REPORTS IN VIOLATION OF THE CBAs AND TRUST AGREEMENTS

24. Plaintiffs incorporate the allegations of the preceding paragraphs by reference.

25. Section 301(a) of the LMRA, 29 U.S.C. §185(a), provides a federal forum to enforce labor contracts, which include the contractual promises to submit to audits and to make benefit contributions.

26. Defendant breached the CBAs and related Trust Agreements and Amendments and the Laborers' Collection Policy incorporated into the CBAs by failing to submit to an audit, file proper monthly reports and pay contributions and other amounts to the Funds.

27. As third-party beneficiaries to the CBAs, the Funds are entitled to the records needed for an audit and to recover unpaid contributions, interest, audit assessments, double interest or late payment assessments and attorney's fees and costs.

WHEREFORE, Plaintiffs request a Judgment against Defendant:

A. Adjudicating that the Defendant is bound to the CBAs with Local 1329 and pursuant to the CBAs and applicable law, must pay benefit contributions to Plaintiffs for covered work;

B. Ordering Defendant to honor all of the CBAs' fringe benefit obligations, including making proper and timely monthly remittances and monthly reports consistent with the terms of the CBAs and related Trust Agreements and Amendments;

C. Ordering Defendant to produce all records -- including complete by-job records -- needed for a complete audit for the period June 2014 to present, so Plaintiffs can determine the total delinquency owed by the Defendant;

D. Awarding Plaintiffs amounts owed for work performed by Defendant from June 2014 to present, together with attorney's fees and costs;

E. Awarding Plaintiffs all amounts shown to be due by such audit, including benefit contributions, interest, late payment assessments, audit assessments and audit costs, together with additional attorney's fees and costs, pursuant to 29 U.S.C.§1132(g)(2) and Plaintiffs' Plan documents; and

      F.      Granting Plaintiffs all legal and equitable relief (including injunctive and equitable relief) to which they are entitled.

*/s/ Megan B. Boelstler*
Christopher P. Legghio (P27378)
Lauren E. Crummel (P73333)
Megan B. Boelstler (P79125)
Legghio & Israel, P.C.
306 South Washington Avenue, Suite 600
Royal Oak, MI 48067-3837
248.398.5900
cpl@legghioisrael.com
crummel@legghioisrael.com
mbb@legghioisrael.com

October 8, 2019                       Attorneys for Plaintiffs